———

## Cross v. Cross

*Robert J. Kelleher*, for plaintiff.
*Donald W. Grieshober*, for defendant.

ANTHONY, *J*., April 27, 1981—This divorce action is currently before the court on defendant's petition for special relief including injunction, as well as defendant's petition for mandatory counseling. The parties have stipulated to the following facts:

Prior to their marriage on September 12, 1979, the parties entered into a prenuptial agreement in which they agreed that each would separately retain all property then owned and/or later acquired as separate property, rather than as joint marital property. Since the marriage, the parties have resided at 1325 Spring Lake Drive, plaintiff having received a life estate in the property prior to this marriage. Earlier this year, while the current divorce action was pending,[1] defendant left the city for a one week vacation. While she was gone, plaintiff removed all of her belongings from the home and placed them in storage. He also changed the locks on the home, and has refused to allow defendant to move back in.

Defendant asserts that plaintiff's actions were wrongful, and that her interests will be protected only by a court order directing plaintiff to allow her to return to the "marital home." She argues that such relief is authorized by § 401(c) of the new Divorce Code, Act 26 of 1980, which provides as follows:

(c) In all matrimonial causes, the court shall have full equity power and jurisdiction and may issue injunctions or other orders which are necessary to protect the interests of the parties or to effectuate the purposes of this act, and may grant such other relief or remedy as equity and justice require against either party or against any third person over whom

---

1. The divorce is brought under § 201(a)(6) of the Divorce Code.

the court has jurisdiction and who is involved in or concerned with the disposition of the cause.

Before reaching the merits of defendant's argument, the court must point out that our decision here does not constitute a finding as to any of the ultimate issues in this divorce. It will be for a master in divorce to determine whether plaintiff has suffered indignities, whether the home is "marital property," etc. We determine here only whether defendant is entitled to the preliminary, temporary relief which she seeks during the pendency of this action. Briefly stated, the requested relief consists of the following:

1. An injunction ordering the plaintiff to allow defendant to peacefully re-enter and re-occupy the home with all of her belongings.

2. That plaintiff bear all costs of both moving the defendant out of and moving the defendant back into the home.

3. That plaintiff pay to defendant $1,000 in compensatory damages and $600 in attorney's fees.

4. That plaintiff post a surety bond of $100,000 to guarantee that defendant will not be excluded from the household again.

By the terms of §401(c), the court may exercise its equitable powers when an order is ". . . necessary to protect the interests of the parties or to effectuate the purposes of this act, . . . " Thus, we must first determine whether defendant has an interest in the home which must be protected.

As noted above, a life estate in the home was devised to plaintiff prior to this marriage. At his death, the property will pass to plaintiff's children by a prior marriage. Also relevant is the prenuptial agreement, where the parties agreed to maintain their various property as separate rather than joint property.

The fact that plaintiff holds a life estate in his name alone, which he received prior to the marriage, indicates that the home is not marital property. Section 401(e) provides that "marital property" means all property acquired *during* marriage. In addition, §401(e)(3) provides that property acquired by devise is not "marital property." Defendant argues that the precise issue of a prior life estate has not yet been decided by a court, and this court does not intend to limit her right to argue this before the master. For purposes of this petition, however, the court finds that defendant has not carried the burden of demonstrating that the legislature intended that a prior life estate becomes "marital property" upon marriage.

With regard to the prenuptial agreement, §401(e)(2) provides that property may be excluded from "marital property" by virtue of a valid agreement of the parties. Defendant challenges the validity and/or applicability of the instant agreement, and apparently concludes that these bald averments compel the court to ignore the terms of the agreement. The court disagrees, however, since the agreement is presumptively valid. In re Estate of Slight, 467 Pa. 619, 359 A. 2d 773 (1976). In addition, defendant has not shown why the agreement would not apply to the home. Again, the defendant is free to offer evidence to support its allegations at the master's hearing. At this preliminary stage, however, the court must assume the validity of the agreement.

In light of the foregoing, it is apparent that defendant has shown no legal interest in the residence. It follows, then, that relief under §401(c) is unavailable because, at this point in the proceedings, defendant has failed to establish an interest which the court should protect.

The remaining criteria of Section 401(c), which

is that the purposes of the Divorce Act should be effectuated does not alter our decision. We find no provision of the act which indicates an intent that parties be forced to cohabitate during the pendency of a divorce action. In a situation such as the present, where there are no children, where defendant appears to have substantial assets of her own, and where she has not yet proven any interest in the home, it would be inequitable to order the plaintiff to allow the defendant to return. No irreparable harm will result from our decision (as it might, for example, where the wife was destitute), and the master may compensate her for the wrongful exclusion if it is eventually determined that defendant does have an interest in the residence.[2]

Also before us at this time is defendant's petition for mandatory counseling. In Section 202 of the Divorce Code, it is provided that " . . . the court *shall* require up to a maximum of three counseling sessions . . . " where such is requested by either party to a divorce brought under Section 201(a)(6). (Emphasis ours.) Since the legislature used the permissive "may" with respect to other counseling situations, see Section 202(c), we must assume that counseling in a §201(a)(6) divorce is mandatory once requested. In view of the facts in the instant case, the court doubts that such counseling would be beneficial to the parties. The choice is not ours, however, so it is ordered that the parties attend one (1) counseling session with a qualified professional as defined in Section 104 of the act. The parties are advised that a list of such professionals is available

---

2. A wrongful exclusion from a marital home would appear to be a "relevant factor" in the master's equitable distribution under §401(d), even though exclusion is not expressly mentioned therein.

from the court, although they are permitted to select their own counselor so long as that person is qualified under Section 104. Pursuant to Section 202(f), the qualified professional must make a report stating that the parties did or did not attend.

## ORDER

And now, April 27, 1981, it is hereby ordered and decreed that defendant's petition for special relief is denied. Defendant's petition for mandatory counseling is granted, and the parties are directed to attend one counseling session as described above.